The court will proceed to the next case, United States v. Godinez. Mr. Hillis. May it please the Court, Counsel, my name is Daniel Hillis. I'm with the Federal Public Defender's Office. I represent Mr. Godinez on this appeal. A defendant has a due process right to be sentenced on the basis of accurate and correct information. The facts show Mr. Godinez had no prior conviction for any drug sales, and yet the district court upwardly varied from the high end of the guideline range, and in doing so said it was because the instant crime was the same as Mr. Godinez's, quote, past crimes for drug sales. That's Appendix Page 41. It also referred to convictions, plural, for similar conduct. That's at Appendix Page 43. It said Mr. Godinez's past criminality is very similar to this criminality. That's Appendix Page 44. So we have multiple references to drug sales, but the fact is that the PSR demonstrates there were no drug sales that were bases for convictions in the past. The PSR at Paragraph 60 shows that there was a conviction for an Ohio drug offense for possession, and therefore, under this record, we think that plain error is easily established because by relying on incorrect facts, there was an error. The error is plain from the record. The conviction in Ohio, Mr. Hillis, was that for, I want to make sure I get the right provision here, but it was 2925.11c4, is that right? That sounds correct, Your Honor. And under subsection, and it was for a first degree, right, felony, and he got less than 10 years. Yes. As I look at that that means he necessarily had pled to between 500 and 1,000 grams of powder cocaine. Is that right? I believe that's correct from the statute. Okay. Unreasonable to infer intent to distribute with that quantity? It is unreasonable to infer that because it's not an element. If the Ohio prosecutor wished to charge distribution, there's a distribution statute in Ohio. We're here under a involving, right? For the enhanced penalty, yes, but that's a separate issue, I think, from the factual record that establishes through the PSR what the offense was. You're taking a deeper dive that I think goes more to the 851 notice. It does. I started with the 851 issue here, but the... I'm happy to answer questions about that. Well, the question is, given the involving language and the quantities that are involved, is it unreasonable to go ahead and infer intent to distribute? It is, Your Honor, because now we have a different set of problems. So if we're to give an expansive read to the word involving, we have basically written into the statute something that Congress hasn't put in there in section 924. So Congress is perfectly capable of drafting laws that would have included possession by having involving possession of any quantity, perhaps. But we've got no gate. We have no limiting principle now, either, because the quantity that now triggers this, you know, involving loss is unknown. So how are we as district court judges to find out which quantity suggests intent to distribute and which doesn't? And furthermore, for the 851, I think that we have an apprendi problem because now we're relying on something that my client didn't admit. You're intuiting as a district court judge some additional conduct intent to distribute based on quantity. I think that we're going down a very deep hole on this, Judge, to reach this, where simply we're supposed to be looking at the statutory language, applying a categorical approach, and when we do so, we see that the elements of the Ohio offense do not allow us to resort to a conclusion, rather, reach a conclusion that says that this involving would be sufficient to trigger the enhanced penalty. I think we have multiple problems with that. They're mostly laid out in our 28J filing, but I think that they're all significant concerns. If we're to adopt the government's interpretation of what involving means, then I think that we have now embraced the idea that every possession offense is something that can be the basis for an 851, and Congress didn't say that. Mr. Hillis, what do we, should we make anything of the defense lawyer's characterization of the defendant as a drug dealer? Well, he was a drug dealer in this case, and in the prior proceeding, whether or not he was a drug dealer, I don't think that we can put much stock on that, Judge. So if the defendant's lawyer is making a misstatement and says that there's a prior involving drug sales, a conviction involving drug sales, it is no more correct when a defendant makes a misstatement as a judge makes a misstatement. So it is not something that is strategic. It is something that is simply a mistake. And if we were to say... Not strategic. No. He was making the argument that he was already being, that his prior drug sales were already accounted for in the guideline range, right? That's right, but it's on the assumption that there's a valid 851, Judge. And mind, I mean, if the court recalls, the PSR in this case was prepared many months before the First Step Act went into effect. So the change of law is something that nobody caught. And so I don't think that there is a valid strategic argument anymore, Judge Hamilton, in light of the fact that the First Step Act changes what the statutory requirements are. The lawyer missed something. Don't... I mean, I don't think it's fair to say that's now strategic when no lawyer, with that recognition of what the statute now requires in the First Step Act, would ever agree that this is some qualifying conduct that should have resulted in a valid 851. The lawyer simply would not have made that argument. The district judge here, though, knew what he was... that we were talking about possession. Did he not? Well, he said drug sales, Judge Flom. Well, he he specifically said he based his conviction for possession of cocaine. But elsewhere, he distinctly says drug sales. And so I can't take that out of the record, and I don't think the court can disregard it. So the working assumption at the time of sentencing was there's a valid 851, and it's based on drug sales, a drug sale. And it's just not the case that the Ohio conviction, you can look at it, the copy of the judgment's public record, but it's not for drug sales. It is possession. What are we to make of what constitutes a serious drug offense? I always start with the language of the statute, and so I think the court will do that as well. In interpreting what the serious drug offense is now, we are to look at manufacturing, distribution, possession with intent to distribute. If we are to accept the government's argument about involving means that it's much more than that, and I think it means everything, and it then is unknowable. And then I think that we have a problem about the vagueness of the law if we're to go with an expansive reading like that. I think that's counter-textual as well, Your Honor. So we couldn't rely on a case-by-case analysis based on the amount of the possession? I don't think so, because, Judge Flom, my natural response is, then what's the correct amount before the involving provision justifies the 851? How is a defendant to know that? How is a prosecutor to make that decision? Ultimately, how is a judge to interpret the language if there's a certain quantity, but Congress hasn't told us what that is, that now triggers this involving provision? We should probably then have a rule of lenity issue that bends in favor of the defense. Unless the Court has additional questions, I reserve the balance of my time. Thank you, Mr. Ellis. Ms. Bonamici. May I please the Court? Good morning. This Court should affirm, because the defendant's 2008 Ohio conviction for possessing controlled substance qualifies as a serious drug offense or drug felony as defined by the newly created Section 57 of 21 U.S.C. 802 and applicable to all of the cases under 21 U.S.C. 841. The government's argument here is focused on the specific statute of conviction here. It's not focused on all possession convictions or anything of the sort. Analysis of the statutory provision at issue in this case, Ohio Revised Code 2925.11c.4.f, in the context of the overall statutory scheme, demonstrates that, which includes, by the way, a carve-out for simple possession for personal use that is not applicable to the particular offense that the defendant committed. It demonstrates that what we have here in terms of the defendant's conviction is not a conviction for simple possession or personal use or anything of the kind. Rather, it is a conviction for possession with intent to distribute, even though the specific formal elements of the statutory provision do not include that terminology. Ms. Bonamici, you're referring to paragraph f under that statute. I thought that required the mandatory maximum prison term of 10 years, and he only got seven. It does. There's a couple of different aspects to the provision, as I understand it, and one of them is that it includes a designation as a serious drug crime. I think that's the language used. When that designation is applied, then there's a mandatory minimum of the full amount, and when that designation is not applied, then the defendant is subject to a maximum term up to 11 years, I believe. I believe it's three to 11 years. Okay, I'm reading that a little differently, the way it works with E. Let me say this. Part of the reason that I'm reading it that way and understanding that that's a possibility is based on the documents that related to defendant-specific conviction, and from those documents, I can read, and now I'm standing here wondering whether those are documents that the court's been provided with, whether they were attached to the PSR or not, and I'm concerned about that, but if they were not and you have not seen those documents, I can provide those to you and apologize for that, but it is my understanding that in the three to 11-year statutory range that was applicable to him, and the documents of his, that the certified copies of conviction specifically state that he was convicted under .11C4F. I think he was originally charged that way, but he didn't get the 10-year mandatory maximum sentence. He got the seven-year maximum. Which would take you below a thousand grams. Do we know a source, is there a reliable source for the seven-kilogram figure for the Ohio conviction? That came from the, on the appellate side, that came from the sentencing documents that were presented to the court. The government's version of the offense, but do we, looking back behind that, do we have anything? Correct, Judge, but my review of those indicate that there's actually a statement in one of the police reports that it was 10 kilograms rather than seven, so there's a little bit of a discrepancy there, which was not corrected because that was not presented to the district court as far as I know in the documentation. That may be the product of documents coming in later. It's often a problem when you have these state court offenses, you're attempting to get documents related to the offense, and sometimes they dribble in, and I don't know the answer to that. I did not handle this case below, so I can't be specific about what happened there. I just know what I received, you know, at the end of the day. I thought that those documents were incorporated into the PSR, and if that is a mistake on my part, then I apologize for that, and I will present everything I have to the court, of course. So could you address defense counsel's concern about vagueness if we go with straight possession counts involving large quantities and inferring intent to distribute for both Section 851 and the due process issue here? In other words, if I understand that specific argument, this relates to what quantity would be considered a distribution quantity sufficient to trigger. I do think that there is a potential problem with that in the context of other statutory schemes, you know, that I've reviewed. I mean, I've looked at all the statutes now, but in this particular one, I think that you're talking about somebody who was convicted under a provision, was charged under provision, as I understand it, I believe convicted under a provision that requires a minimum of at least 100 grams of cocaine and more, and potentially more. I think 500. Okay, 500. And my understanding of that is that that's not an arguable quantity for purposes of determining whether something is a distribution quantity. Where you get down lower, you know, and you get closer to the smaller numbers, maybe the rule of validity kicks in and that's something you don't want to do. But I do think that the statutory provisions and structure that's involved in this particular case is, well, first of all, it is rather unique in that it is one of three, Ohio is one of three states that provides, there are no provisions in its controlled substances scheme dealing specifically with possession with intent to distribute. So it is necessary that possession with intent to distribute is incorporated in, you know, one side or the other of their, in one of the provisions, right? Has the Sixth Circuit looked at any of these issues? Not this specific one. This specific question, as I understand it, is the first of its kind. The Sixth Circuit has looked at the statute and has looked at other aspects of it, including the question of whether the categorical approach applies in understanding whether it qualifies as a serious drug. I'm not sure whether they've addressed the post-First Step Act provisions yet, but they have addressed, they did address the prior one. And as Your Honor says, I don't think that, as to the vagueness claim made by my opponent, I don't think that the involving issue as he describes it is really the boogeyman that he suggests, given that the statute itself, I mean, there are a lot of defining pieces here. I mean, it can't be anything that vaguely involves. It has to involve the specific things that are listed in the statute, including, which includes, by the way, possession with intent to distribute. And what we're dealing with here is a, is the possession of a distribution, clearly a distribution quantity of cocaine, which, it is universally understood and agreed, is something, is evidence or a fact from which one can infer an intent to distribute. And you also have a statutory scheme that specifically carves out a personal use quantity defense and says that that doesn't apply where it's a first, second, or third degree felony that you're dealing with. And a first, second, third degree felony is determined based on drug quantity. And the statutory structure also demonstrates that the same exact penalties are provided for distribution offenses and possession offenses where the drug amount is the same. And so what you have here is clearly a statutory scheme that does not involve simple possession as kind of a lesser included offense with respect to all of the possession offenses, clearly doesn't. It has, it does, it deals with those in a, and with respect to a certain category that is not involved here. But where you have a distribution amount of drugs, there is, there is no carve out possible and the, and the penalty is precisely the same as it would be. So if you were to view the statute as operating differently and say that all of the possession, all of the possession offenses are out because there's no use of the term intent to distribute in, in the, as a formal element, if you were to do that, you would wind up with the, as we say in the brief, an anomalous result, which is that you could distribute a small amount of drugs and get a higher sentence than possessing, obviously, inferentially with intent to distribute, a large one. And that makes no sense. That's inconsistent with the way this, this statutory scheme is apparently intended to work. So this, I mean, this is an application of the categorical approach. This is not, I mean, we're not arguing, we haven't made any arguments about the specific conduct involved in the defendant's offense. It's very much a categorical approach. It's merely looking at the statute and the meaning of the statute and comparing that to the definition of serious drug offense that's provided by the federal statute. For all those reasons and the reasons stated in our brief, we would ask the court to affirm. Thank you, Ms. Bonacic. Would you add an additional minute for Mr. Hillis, please? Your Honor, some of the documentation that may assist the court in reaching a decision is referenced, at least in the footnote on the reply brief that Mr. Godinez filed on page 11, footnote 2. There's at least a copy of the judgment, I believe, that'll be accessible as a public record. Thank you. As for some other matters, Ohio has a drug trafficking statute. My client wasn't charged or convicted under it. For the government's effort to say about what the statutory scheme is meant to do and to punish offenders of a certain type, that is fine, but we nevertheless are, as a matter of first obligation, to look not at the scheme, but at what the formal elements are that trigger the bases for the enhancement under 924. And for the government to argue that the conviction here should be seen as a possession with intent based on the quantity, despite the lack of formal element, I think jettisons what we've known as the categorical approach that says look to those elements. We cannot intuit easily what quantities trigger this involving argument of the government's. I think that is a significant problem here. And the court would, by accepting the government's argument, really open the door for prosecutors to charge all defendants based on possessions of quantities that we don't know what the intent was to say that that now triggers the 851. And statutes are not supposed to work that way. They're supposed to provide people with notice so we do not have unfettered prosecutorial discretion to file 851s. Congress has reworked the statute, has created something different than what existed before when it enacted the Fair Sentencing Act, and the government's interpretation is essentially lifting any limits from what this court is well aware. And the Downey v. Klinkar case, as was cited in United States v. Jordan, which at least one member of today's panel was on, has said that police reports are and can be advocacy pieces. We cannot take from police reports very much. We should, in any event, look to what the evidence is of the elements in the statute. Look to that, not to the police reports. And when we do that, I think we are left with the conclusion that under the plain language of the statute, possession does not trigger the enhanced penalty provision. And even if we didn't want to decide that today, we can look back to the first point and leave that for resolution in the district court and a more developed record because we can say that there were not multiple prior convictions for possession with intent to distribute any drugs. There were not priors that involved multiple drug sales. That is a clean route to send this case back, and then this matter can be developed fully. And I think that would always be favored as opposed to any sort of incompleteness that may plague the court's present decision. All right. Nothing further. Thank you, Mr. Hillis. Thank you. Thank you to government counsel.